```
                                          IT IS HEREBY ADJUDGED
                                          and DECREED this is SO
                                          ORDERED.
                                          The party obtaining this order is responsible for
                                          noticing it pursuant to Local Rule 9022-1.
```



**TIFFANY & BOSCO**
P.A.

**Dated: April 12, 2011**

2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

10-14177

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: | No. 2:10-bk-11456-RJH |
| Donko Properties, LLC | Chapter 11 |
| Debtor. | |
| U.S. Bank, National Association | **ORDER REGARDING PLAN TREATMENT AND TO VALUE THE FIRST LIEN ENCUMBERING REAL PROPERTY LOCATED AT 405 WEST 4TH STREET ELOY, AZ 85231** |
| Movant, vs. | |
| Donko Properties, LLC, Debtor; , Trustee. | |
| Respondents. | |

   IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, and Debtor in Possession (hereinafter "Debtor"), that the property generally described as 405 West 4th Street , Eloy, AZ 85231 and legally described as:

   LOT 3, BLOCK 3, OF JOE LOUIS HEIGHTS NO. 3, ACCORDING TO THE PLAT
   OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PINAL
   COUNTY, ARIZONA, RECORDED IN OOK 6 OF MAPS, PAGE 46.

("Subject Property herein"), shall be treated as follows:

Movant shall be deemed to have an allowed secured claim in the amount of $14,900 pursuant to 11 U.S.C. Section 506 and the Debtor's Plan of Reorganization ("Plan"). Movant's allowed secured claim shall be repaid through the Plan with interest fixed at 5.25% per annum and the term of the repayment shall be repaid over 30 years.

All other terms and conditions of the original Note and Mortgage, except as otherwise modified by this Order and Plan, shall remain in full force and effect.

This Order shall be incorporated into the Debtor's confirmed Chapter 11 Plan, and the Order may not be altered in any way by any subsequent amendment or modification to the Plan without express written consent of the Movant.

The Debtor hereby waives objections to Movant's claim in regard to the Property as modified by this Order for all purposes besides accounting for the respective claims.

The agreements contained in this Order shall be binding for purposes of the treatment of the Property in the Debtor's confirmed Chapter 11 Plan, unless otherwise ordered to in writing.

In the event this case is converted to a Chapter 7 or dismissed, this Order shall be deemed void and unenforceable.

Movant withdrew its objection to the Plan and was deemed to vote to accept the Plan.

SO ORDERED.